ALISON L. LYNCH (SBN 240346)
VINCENT L. CHEN (SBN 311883)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, California  92618
Telephone:(949) 885-1360
Facsimile: (949) 885-1380
alison.lynch@jacksonlewis.com
vincent.chen@jacksonlewis.com

Attorneys for Defendant
B. BRAUN MEDICAL INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANAFSHEH SOLEIMANI, an individual,<br><br>               Plaintiff,<br><br>     vs.<br><br>B. BRAUN MEDICAL INC., a Pennsylvania corporation; and DOES 1 - 50, inclusive,<br><br>               Defendants. | Case No.: 22-1076<br><br>**DEFENDANT B. BRAUN MEDICAL INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)**<br><br>(Filed concurrently with Defendant's Notice of Interested Parties; Declarations of and in Support of Defendant's Notice of Removal; and, Defendant's Corporate Disclosure Statement)<br><br>Complaint Filed:  April 18, 2022<br>Trial Date:     None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF BANAFSHEH SOLEIMANI AND HER ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT Defendant B. BRAUN MEDICAL INC. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) to remove this action from the Superior Court of California for the County of Orange on the grounds of diversity jurisdiction.   In support thereof, Defendant asserts the following:

## DIVERSITY JURISDICTION

1.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441.  This case may be removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

2.     On April 18, 2022, Plaintiff BANAFSHEH SOLEIMANI ("Plaintiff") filed a Complaint against Defendant in the Orange County Superior Court, which the state court designated as Case No. 30-2022-01255258-CU-WT-CJC.  A true and correct copy of the Summons and Complaint is attached as **Exhibit A** to the Declaration of Alison Lynch ("Lynch Decl.") filed concurrently herewith.

3.     In the Complaint, Plaintiff asserts the following causes of action: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA").; (2) Failure to Accommodate in Violation of the FEHA; (3) Failure to Engage in an Interactive Process in Violation of the FEHA; (4) Retaliation in Violation of the FEHA; (5) Failure to Prevent in Violation of the FEHA; and (6) Wrongful Termination in Violation of Public Policy.

4.     Plaintiff served Defendant with the Summons and Complaint on May 5, 2022.  [Lynch Decl., ¶ 4.]

Case No.:

DEFENDANT B. BRAUN MEDICAL INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)

5. On May 26, 2022, Defendant Answered the Complaint. A true and correct copy of the Answer is attached to the Declaration of Alison Lynch as **Exhibit B**.

6. As of the date of this Notice of Removal, the attached Exhibits "A," through "B" constitute all of the pleadings received or filed by Defendant in this matter, and no further proceedings have occurred in the state court. [Lynch Decl, ¶ 6.]

7. This removal is timely because it is filed within thirty (30) days after the receipt by Defendant of a copy of Plaintiff's Summons and Complaint, and it thus falls within the time period mandated by 28 U.S.C. § 1446(b). The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means. *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## <u>REMOVAL BASED ON DIVERSITY JURISDICTION</u>

**<u>Diversity of Citizenship</u>**

8. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states.

9. Plaintiff is, and was at all times relevant to this action, an individual residing in California. [**Exhibit A**, ¶ 1.] Furthermore, Plaintiff filed her Complaint in the State of California for the County of Orange seeking the protections of the laws of this state. Thus, Plaintiff should properly be construed a citizen of the State of California.

10. Defendant is a corporation that was duly created and organized under the laws of the State of Pennsylvania on September 12, 1979. [Declaration of Diane Wheeler ("Wheeler Decl.") ¶ 2.] Since that date, including on the date of the filing of the Complaint, Defendant has maintained the same corporate status. As of date of this Notice of Removal, Defendant's status remains the same. [*Id.*]

11. At the time of the filing of the Complaint, Defendant's headquarters and principal place of business was located in Bethlehem, Pennsylvania. [Wheeler Decl., ¶

3

3.] As of the date of this Notice of Removal, Defendant's headquarters and principal place of business remains in Bethlehem. From the executive and administrative offices at this location, Defendant's officers direct, control, and coordinate Defendant's nationwide services and overall business operations. [*Id*.] Defendant's corporate officers perform their primary fundamental operations out of Pennsylvania, not California. [*Id*.] Defendant thus is a citizen of Pennsylvania for purposes of diversity jurisdiction under the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's "principal place of business" under section 1332(c)(1) is typically its corporate headquarters so long as the headquarters is the actual center of direction, control, and coordination rather than an office to hold board meetings).

12. Thus, with Plaintiff as a citizen of California, and Defendant a citizen of Pennsylvania, complete diversity of citizenship between the parties exist within the meaning of 28 U.S.C. section 1332.

**Basis for Amount in Controversy**

13. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000. 28 U.S.C. §1332(a). The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment, the State practice does not permit a demand for a specific sum, and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00); *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim.") A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum.

*See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997).   Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorneys' fees. *See e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorneys' fees can be considered in determining whether the jurisdictional amount is met.").

14.   In determining whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"), *citing also Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").   The arguments and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied.   *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

15.   The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute.   *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).   The Court may examine the nature of the action and the relief sought and may take judicial notice of attorneys' fee awards in similar cases.   *See, e.g., Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

Case No.:                     DEFENDANT B. BRAUN MEDICAL INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)

16.     Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).

17.     Here, Plaintiff seeks general damages for: 1) for **past and future wage loss**; and 2) **emotional distress**.  She also seeks: 3) **punitive damages**; and 4) **attorneys' fees**, interest, and costs [**Exhibit A**, ¶¶ 20-23, 28-30, 34-37, 41-44, 48-52, 55-56 and Prayer for Relief, ¶¶ 1 – 11.]

18.     <u>Past and Future Lost Wage Damages</u>: In connection with each of Plaintiff's claims, Plaintiff alleges that she suffered and continues to suffer financial losses, including lost salary and benefits.  [**Exhibit A**, ¶¶ 20, 28, 34, 35, 41, 49, 55, 56 and Prayer for Relief, ¶¶ 1, 5 ].  The FEHA provides for an award to successful plaintiffs of back pay from the time of the unlawful adverse action until the date of judgment.  *Salas v. Sierra Chemical Co.*, 59 Cal.4th 407, 420 (2014); *Cloud v. Casey*, 76 Cal.App.4th 895, 909 (1999).  Moreover, economic damages may also include an award of lost future earnings or "front pay," which is the salary and benefits a plaintiff would have earned from the terminated employment after the time of trial.  *Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App.3d 503, 518 (1983).  Front pay is generally measured by the employee's projected earnings and benefits over the period of time until he or she is likely to become reemployed, less mitigation.  *Toscano v. Greene Music*, 124 Cal.App.4th 685, 695-97 (2004).  California decisions from the Fair Employment and Housing Commission provide for the recovery of future loss of earnings for one (1) or two (2) additional years.  *Department of Fair Employment and Housing v. Centennial Bancorp*, FEHA Precedent Decision No. 87-03 (1987).  Defendant has a reasonable good faith belief that Plaintiff seeks damages for lost wages and front pay on her FEHA claim in excess of the jurisdictional requirement of $75,000.00, notwithstanding the fact that the Complaint does not specify the dollar amount of special damages being sought, for the following reasons:

DEFENDANT B. BRAUN MEDICAL INC.'S NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT PURSUANT
TO 28 U.S.C. §§ 1332, 1441(b)

a.   Generally, Plaintiff alleges that she was employed by Defendant from June 27, 2017 through November 2, 2021.  [See **Exhibit A**, ¶ 7.]

b.   At the time of her employment termination on November 2, 2021, Plaintiff earned $18.20 an hour, or approximately $728.00 each week. [Wheeler Decl., ¶ 4.]

c.   Based on the above weekly salary, and for only the approximate 30 weeks between her November 2, 2021 date of termination and the date of this Notice of Removal, Plaintiff's back pay alone is **$21,840.00**.

d.   Under a conservative estimate, any judgment in this case will likely be rendered no earlier than June 2023. Assuming that Plaintiff takes this matter to trial and that trial is set for approximately 14 months from the date of the filing of Plaintiff's Complaint, Plaintiff would accrue an additional year of back pay in the amount of **$37,856.00**. Combined with Plaintiff's lost wages to date of **$21,840.00**, Plaintiff's total claim for back pay would amount to **$59,696.00**.

e.   Assuming that Plaintiff also recovers front pay for one year, or **$37,856.00**, in addition to back pay, the amount in controversy on economic damages alone is approximately **$97,552.00** and will generously exceed the jurisdictional requirement, not including any emotional distress damages or punitive damages.

19.   <u>Emotional Distress Damages</u>: Plaintiff seeks damages for emotional and mental distress in an unspecified amount.  [Exhibit A, ¶¶ 21, 28, 35, 42, and 50 and Prayer for Relief, ¶ 1.]  In her Complaint, Plaintiff claims that she "has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms."  [*Id.*, ¶ 21.]  Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the emotional damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *See, e.g. Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award

of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority*, 85 Cal.App.4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging retaliation).

20.   <u>Punitive Damages</u>:  Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *Ponce v. Medical Eyeglass Ctr., Inc.*, 2015 U.S. Dist. LEXIS 98517, at *11-12 (C.D. Cal. July 27, 2015) (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

21.   <u>Attorney's Fees</u>:  Plaintiff also seeks to recover attorneys' fees under the FEHA.   [**Exhibit A**, ¶ 22, 29, 36, 43 ,51 and Prayer for Relief, ¶ 6.]   Attorneys' fees are recoverable to the prevailing party under FEHA.  Cal Gov't Code § 12965(b).  Plaintiff's claims for attorneys' fees will likely exceed $75,000.00.   Defendant's lead attorney, Alison L. Lynch, has represented employers in employment litigation for over 17 years in California, and is familiar with fees requested by Plaintiff's counsel in similar actions filed in California state and federal courts alleging FEHA violations and related claims. [Lynch Decl., ¶ 7.]   Based on Plaintiff's allegations, it would not be unreasonable to expect that attorneys' fees will exceed the sum of **$75,000.00** for Plaintiff through trial. [*See id.*]

22.   Accordingly, given the amounts of the potential damages at issue as outlined above, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover in excess of $75,000 should she prevail. *Anthony v. Security Pacific Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

23.     For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## VENUE

24.     Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1441(a) and 1332(a) because the state action was filed in this District and division, thereby embracing the place where this action is pending.

## NOTICE TO COURT AND PARTIES

25.     Along with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will filed with the Clerk of the Superior Court for the State of California, County of Orange.

26.     This Notice of Removal is signed by counsel for Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED:  May 31, 2022                    JACKSON LEWIS P.C.


By: _____
                                        Alison L. Lynch
                                        Vincent L. Chen
                                        Attorneys for Defendant,
                                        B. BRAUN MEDICAL INC.

4864-4759-4529, v. 2

Case No.:                               DEFENDANT B. BRAUN MEDICAL INC.'S NOTICE OF
                                        REMOVAL OF ACTION TO FEDERAL COURT PURSUANT
                                        TO 28 U.S.C. §§ 1332, 1441(b)